IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00801-WYD-BNB

CRAIG PRATT,

Plaintiff,

v.

WAL-MART STORES, INC., a Delaware corporation,
WAL-MART ASSOCIATES, INC., a Delaware corporation,
AMERICAN HOME ASSURANCE COMPANY, a foreign insurance company authorized to do
business in Colorado,
CLAIMS MANAGEMENT, INC., an Arkansas corporation d/b/a CLAIMS MANAGEMENT,
INC., of Arkansas and d/b/a ARKANSAS CLAIMS MANAGEMENT, INC.,
CLAIMS MANAGEMENT INC., OF ARKANSAS, and
ARKANSAS CLAIMS MANAGEMENT, INC.,

Defendants.

_____

**ORDER**

_____

This matter is before me on the **Joint Motion for Entry of Stipulated Protective Order**

[Doc. # 37, filed 8/22/2007] (the "Motion").  The Motion is DENIED, and the proposed

Protective Order is REJECTED.  The parties are granted leave to submit a revised proposed

order consistent with the comments contained here.

In Gillard v. Boulder Valley School District, 196 F.R.D. 382 (D. Colo. 2000), I set out

certain requirements for the issuance of a blanket protective order such as the one sought here.

Among other things, I require that any information designated by a party as confidential must first

be reviewed by a lawyer and that the designation as confidential must be "based on a good faith

belief that [the information] is confidential or otherwise entitled to protection" under Fed. R. Civ.

P. 26(c)(7).  Gillard, 196 F.R.D. at 386.  In addition, I require that the protective order contain a

mechanism by which a party may challenge the designation of information as privileged.  The

addendum to the Gillard decision is a form of protective order which contains a provision that

satisfies this requirement:

> A party may object to the designation of particular
> CONFIDENTIAL information by giving written notice to the party
> designating the disputed information.  The written notice shall
> identify the information to which the objection is made.  If the
> parties cannot resolve the objection within ten (10) business days
> after the time the notice is received, it shall be the obligation of the
> party designating the information as CONFIDENTIAL to file an
> appropriate motion requesting that the court determine whether the
> disputed information should be subject to the terms of this
> Protective Order.  If such a motion is timely filed, the disputed
> information shall be treated as CONFIDENTIAL under the terms
> of this Protective Order until the Court rules on the motion.  If the
> designating party fails to file such a motion within the prescribed
> time, the disputed information shall lose its designation as
> CONFIDENTIAL and shall not thereafter be treated as
> CONFIDENTIAL in accordance with this Protective Order.  In
> connection with a motion filed under this provision, the party
> designating the information as CONFIDENTIAL shall bear the
> burden of establishing that good cause exists for the disputed
> information to be treated as CONFIDENTIAL.

Id. at 388-89.

The proposed protective order does not comply with the requirements established in

Gillard.  Specifically, paragraph 2(e) contains a challenge mechanism which is not consistent with

the requirements of Gillard, and paragraph 2(c) purports to establish a procedure for filing

documents under seal which is not consistent with D.C.COLO.LCivR 7.2 and 7.3.

IT IS ORDERED that the Motion is DENIED.

Dated August 27, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge