IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00801-WYD-BNB

CRAIG PRATT,

    Plaintiff,

v.

WAL-MART STORES, INC., a Delaware corporation;
WAL-MART ASSOCIATES, INC., a Delaware corporation;
AMERICAN HOME ASSURANCE COMPANY, a foreign insurance company authorized to do business in Colorado;
CLAIMS MANAGEMENT, INC., an Arkansas corporation d/b/a CLAIMS MANAGEMENT, INC., of Arkansas and d/b/a ARKANSAS CLAIMS MANAGEMENT, INC.;
CLAIMS MANAGEMENT INC., of Arkansas; and
ARKANSAS CLAIMS MANAGEMENT, INC.,

    Defendants.
_____

**STIPULATED PROTECTIVE ORDER**
_____

The parties, by and through their counsel of record, **have** enter**ed** into a Stipulated Protective Order**.** ~~as follows:~~ **Finding that good cause exists in support,**

**IT IS ORDERED:**

1.    Plaintiff has requested that Defendants Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., American Home Assurance Company, and Claims Management, Inc. ("defendants") provide certain documents which they have identified as proprietary and confidential materials prepared by defendants for internal use and training and not intended or made available for use by defendants' competitors or others outside Wal-Mart and Claims Management, Inc.

2. Defendants state that an attorney has reviewed these documents and has determined that a designation of these documents as "Protected Documents" is based on a good faith belief that the information in these documents is proprietary and confidential, and entitled to protection under Fed.R.Civ.P.26(c)(7).

3. Defendants desire to protect the proprietary and confidential nature of these documents, and the parties agree to their designation as "Protected Documents", the production and use of which is subject to the following provisions:

    a. Unless otherwise authorized by defendants or ordered by this Court, Protected Documents shall not be used for any purpose other than the preparation and trial of this action, and appeals of all or part of this action, and shall not be disclosed to any person or entity, except as is necessary for that purpose.

    b. Defendants, or plaintiff, must inscribe each document they believe is confidential or proprietary with "PROTECTED DOCUMENT" before it is produced and such production shall be accompanied by a protected document log.

    c. Counsel are charged with the responsibility of advising their partners, associate attorneys, legal support personnel, and experts or consultants who are participating in the prosecution or defense of this action, and other persons to whom disclosure of any Protected Document may be made pursuant to this Order, of the terms of this Order and their obligations

        hereunder.  Before counsel may disclose any Protected Document to persons not counsel or legal support personnel within the firms executing this Order, such recipients shall execute a declaration in the form set forth in the attached Exhibit A.

d.    If any receiving party contends that certain information and documents should not be designated Protected Documents by the producing party, the receiving party disputing such designation shall give written notice to the party designating the disputed information within thirty (30) days of its production.  The written notice shall identify the information to which the objection is made, and state with particularity the reasons for the dispute.  If the parties cannot resolve the objections within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as PROTECTED to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the information shall be treated as PROTECTED under the terms of this protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as PROTECTED and shall not thereafter be treated as PROTECTED in accordance with this Protective Order.  In connection with a motion filed under this provision,

        the party designating the information as PROTECTED shall bear the burden of establishing that good cause exists for the disputed information to be treated as PROTECTED.

e.    Issues regarding the use of Protected Documents at trial shall be determined by the Court.

f.    Upon final determination of this action, including all appeals, plaintiff's counsel shall return to defendants' counsel within thirty (30) days any copies, extracts or summaries of any Protected Document, or documents containing information taken therefrom, but excluding any materials which, in the judgment of counsel, are work product materials. Protected Documents which contain work product shall be destroyed by plaintiff's counsel within thirty (30) days of final determination of this action. Within forty-five (45) days of final determination, plaintiff's counsel shall provide defendants' counsel a document certifying the return or destruction of all Protected Documents and any copies, extracts or summaries of Protected Documents.

Dated August 29, 2007.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge

Agreed and stipulated this 28th day of August, 2007.

| | |
|---|---|
| s/ Arthur R. Karstaedt III | s/ Bruce J. Kaye |
| Arthur R. Karstaedt III | Bruce J. Kaye |
| Jamey W. Jamison | Mari C. Bush |
| Richard A. Orona | Kaye and Bush, LLC |
| Harris, Karstaedt, Jamison & Powers, P.C. | 2300 15th St., Suite 200 |
| 188 Inverness Drive West, Suite 300 | Denver, CO 80202 |
| Englewood, Colorado 80112 | (303) 477-8787 |
| (720) 875-9140 | *Attorneys for Plaintiff* |
| *Attorneys for Defendants* | |